### Casus Margray v. The State.

#### No. 713.　Decided October 19, 1910.

**Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction, the same will not be disturbed. See opinion for facts held sufficient to sustain a conviction of burglary.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary. The only ground of the motion for new trial is that the verdict is contrary to the law and the evidence. There are no bills of exception and the case, as presented is one purely of fact. The evidence discloses that appellant entered the private residence of the alleged owner, Ewing, at night and that it was done by force through a lattice door; that this door was tied by a piece of wire which was broken by appellant and the entry thus consummated. This was about two or three o'clock in the morning. When appellant was first found he was lying in the hallway and had made a pillow of some carpeting and was either asleep or pretending to be asleep when found by the alleged owner. There were some things disturbed and appellant had helped himself to the provisions from the dining table from which he had made his meal, and the witness further states: "You could see where the appellant had been going through the house." Appellant admitted being in the house, but said that he had no recollection of how he got in there; that he was drinking and drunk and didn't know how he got in the house; that he remembered nothing about it at all; didn't recollect putting the carpet or rug under his head; didn't recollect breaking the wire or lattice door; that he didn't know anything about what he had done in the house; that he didn't recollect about eating anything in the house or didn't recollect how he got the coffee or anything about it. He proved by two or three witnesses his good reputation. Ewing was recalled and stated that the man had some liquor but was not

maudlin drunk; he stated they missed some other things—a lot of Christmas trinkets, such as cards, baby pins, etc., which he never recovered.   Under this state of case we are of opinion that the case is sufficiently made out to warrant the affirmance of the judgment and it is accordingly so ordered.

<div align="right">

*Affirmed.*